EL BANCO TERRITORIAL Y AGRÍCOLA DE PUERTO RICO, demandante y apelado, *v.* RAMÓN VERGNE y FÉLIX COLÓN, demandados y apelante el primero.

No. 5389.—*Sometido:* Noviembre 24, 1931. *Resuelto:* Julio 29, 1932.

*A. Reyes Delgado,* abogado del apelante; *R. Agrait Aldea* y *Luis Ríos Algarín,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

Se trata de un pleito en cobro de un pagaré que se suponía estar suscrito por Ramón Vergne y Félix Colón. Se obtuvo sentencia contra ambos obligados, pero únicamente apeló Ramón Vergne.

El apelante admitió que la firma que aparecía en el documento era suya. Su principal defensa fué que él suscribió un pagaré en blanco para otro fin; igualmente, que el documento había sido usado fraudulentamente contra él.

La corte examinó la prueba y llegó a la conclusión de que el pagaré era la renovación de otro de naturaleza similar suscrito por los demandados.

Respecto a haberse suscrito un pagaré en blanco para ser usado con otro fin, la corte resolvió y citó autoridades al efecto de que incumbía a la persona que firmara en blanco demostrar fraude o algo similar en el uso del pagaré y que se le indujo a firmarlo sin que hubiera negligencia de su parte. Convenimos con la corte en que el demandado estaba obligado a probar fraude y ausencia de negligencia. Véase la nota que aparece en 35 L.R.A. (N. S.) 776, citada por la corte. No hubo prueba de fraude. Por el contrario, la prueba tendió a demostrar la existencia de una obligación u obligaciones anteriores por parte del demandado. Esto resuelve los señalamientos de error en sus méritos.

El apelante señala otros errores que el apelado no discute. De haber habido cualquier otro error al permitir que un testigo declarara sobre el requerimiento héchole al demandado Vergne, éste no fué perjudicial.

Habiendo admitido su firma, el pagaré suscrito por él en posesión de otra persona, era prima facie admisible como prueba.

Otro señalamiento de error se refiere a la admisión de prueba secundaria para demostrar algunas de las transacciones anteriores. Sin embargo, la prueba tendió a demostrar, que sin objeción alguna el demandado había sus-

crito una obligación anterior de la misma naturaleza. De suerte que la admisión de que se queja el demandado, de ser errónea, no fué perjudicial.

■ Igualmente, la negativa de la corte a admitir una declaración jurada del demandante para obtener una suspensión anterior del juicio era inofensiva. Esta declaración jurada alegaba que ciertos testigos eran esencialmente importantes. El demandado no sentó base alguna para contradecir, que es una de las excepciones a la regla de prueba de referencia, suponiendo que la evidencia ofrecida en realidad contradijera alguno de los testigos del demandante.

■■ El dejar una de las partes de presentar determinado testigo es igualmente un hecho que puede hacer surgir una presunción contra dicha parte. Sin embargo, ésta es una presunción controvertible y ciertamente el dejar de presentar al otro demandado difícilmente podía considerarse como una supresión de prueba. La declaración jurada no decía, según indica el demandado, que las declaraciones de dichos testigos constituían todo el caso del demandante. La supresión de evidencia se dirige al peso de toda la prueba y una corte puede dictar sentencia en favor de una parte que deja de presentar prueba no obstante tal supresión.

*No hallamos perjuicio o error, y la sentencia debe ser confirmada.*

El Juez Asociado Señor Córdova Dávila no intervino.