Andrés Pol Serrano, demandante y apelado *v.* Suau, Fiol & Co., demandada y apelante.

No. 5957.—*Sometido:* Abril 22, 1932.  *Resuelto:* Noviembre 23, 1932.

*José D. Rodríguez,* abogado de la apelante; *L. Mercader,* abogado del apelado.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

En un pleito para recobrar o retener la posesión de una finca rústica, la Corte de Distrito de Aguadilla dictó sentencia a favor del demandante.  En apelación hallamos que la corte tenía el derecho a creer, por la prueba presentada, que para proteger un crédito refaccionario, la demandada, por mediación de su agente, tomó posesión de los terrenos en cuestión;

que Pedro Miranda era el agente de la demandada y entorpecía seriamente el uso de la finca por parte del demandante; que éste se vió privado de la posesión material de la misma, o de partes importantes de ella.

■ El primer señalamiento de error es en efecto que la corte dictó sentencia sin prueba suficiente que la justificara. La cuestión principal en este caso, a nuestro entender, era si Pedro Miranda actuaba como agente de la demandada. La apelante sostiene que de los cuatros testigos del demandante que ocuparon la silla testifical sólo uno de ellos dió testimonio tendente a demostrar que conocía los hechos o estaba enterado de ellos. · Sin embargo, hallamos en las declaraciones de por lo menos otros dos testigos manifestaciones de que Pedro Miranda penetró en la finca del demandante como agente de la demandada. No es que estos testigos tuvieran conocimiento directo de que Pedro Miranda venía como agente de la demandada, pero declararon sin objeción que él era tal agente, y por lo menos uno de ellos dijo que Miranda mismo declaró que venía en ese carácter. Las declaraciones de estos testigos, unidas al testimonio del propio Miranda, tendieron directa y circunstancialmente a demostrar que Pedro Miranda era el agente de la demandada.

■ Los testigos del demandante declararon en torno a actos violentos realizados por el supuesto agente de la demandada. Estos actos fueron atestiguados no sólo por el hijo del demandante, sino también por otras personas. Es un principio consagrado en el derecho que la corte tiene la facultad de creer la declaración de un solo testigo, pero, según damos por sentado, ese testigo fué sostenido por el resto de la evidencia.

■ La demandada mantuvo que Miranda no era agente suyo sino del propio demandante, y presentó evidencia consistente en una carta y varias nóminas firmadas por el demandante. Puede admitirse que esto constituía evidencia conducente a probar que Miranda estaba en la finca a instancias del demandante, pero es compatible con la teoría de que

Miranda y el demandante acordaron expedir la nóminas en la forma usual como órdenes para que la demandada pagara determinado dinero. Además, no es necesario que los actos del demandante sean de todo punto consistentes si en realidad su posesión material fué perturbada por el agente de la demandada.

Convenimos con el apelado en que un tal Matías Suau no se hallaba en la posesión material de la finca del demandante. Dicho Matías Suau, según se le permitió declarar, compró la finca del demandante. El era socio gestor de la demandada, pero aparentemente no tuvo participación directa alguna en los actos de Miranda. Esta idea de posesión material surgió, según indica el apelado, de cierta fraseología en la escritura de adquisición.

█ Los actos cometidos con posterioridad a la radicación de la demanda, en ausencia de objeción, podrían ser considerados por la corte. No importa que el título de la finca hubiese pasado a Matías Suau. Esto resuelve el tercer señalamiento de error.

█ El peso de la prueba recaía en la demandada para demostrar la posesión material en favor de Matías Suau. Esto decide el cuarto señalamiento de error e incidentalmente el séptimo, relativo a no haberse admitido la escritura de compraventa.

█ Aun si el dejar de presentar un testigo importante equivale a una supresión de prueba, ello afecta solamente al peso de la evidencia en conjunto. Esta cuestión la hemos discutido en el caso de *Banco Territorial y Agrícola* v. *Vergne et al.*, 43 D.P.R. 949.

Los otros errores imputados eran, ya una repetición de los anteriores, o no perjudiciales.

*Debe confirmarse la sentencia apelada.*